# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEONARD K. LANCE, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MICHAEL J. ASTRUE, )<br>Commissioner of the Social )<br>Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-06-282-SPS |

## OPINION AND ORDER

The claimant Leonard K. Lance requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for disability benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national

economy . . ." *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the

---

[1] Step one requires claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that claimant establish he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See id*. §§ 404.1521, 416.921. If claimant is engaged in substantial gainful activity (step one) or if claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity (RFC) to perform his past relevant work. If claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which claimant–taking into account his age, education, work experience, and RFC–can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on September 7, 1952, and was 53 years old at the most recent administrative hearing. He has a ninth grade education and previously worked as a painter and carpet layer. The claimant alleges he has been unable to work since September 18, 2001, because of arthritis, back problems, knee pain, and depression.

**Procedural History**

On November 16, 2003, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 434, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1385. Both applications were denied. After a hearing on September 16, 2005, ALJ Michael Kirkpatrick found that the claimant was not disabled in a decision dated February 22, 2006.[2] The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

---

[2] The claimant filed prior applications in May 2002. The ALJ found that the claimant was not disabled on July 12, 2003, but the Appeals Council remanded the case for further proceedings. The ALJ again found that the claimant was not disabled. This time the Appeals Council denied review, so the claimant appealed to this Court in Case No. CIV-06-022-JHP-SPS. That appeal is still pending. Consequently, the onset date *in this case* is August 4, 2004 (the date of the final decision in Case No. CIV-06-022-JHP-SPS), and any discussion of medical records prior to that time (whether by the ALJ or this Court) is for the purpose of determining the effect of the claimant's conditions on his current level of functioning.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform light work, *i. e.*, lift and/or carry 20 pounds occasionally and ten pounds frequently, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant could only occasionally climb, balance, stoop, kneel, crouch, crawl, and reach and frequently push/pull foot and/or hand controls. He was further limited to simple and routine unskilled tasks (Tr. 299B). The ALJ concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work in the regional and national economies he could perform, *e.g.*, cashier, fast food worker, and motel housekeeper (Tr. 299D).

**Review**

The claimant contends that the ALJ erred: (i) by finding he had the RFC to perform substantial gainful activity; (ii) by not finding him disabled under the Medical-Vocational Guidelines; and, (iii) by improperly analyzing his credibility. The Court finds the claimant's third contention persuasive.

The record reveals that the claimant had severe impairments of back and knee pain and depression (Tr. 298). At the administrative hearing, the claimant testified that he used a walker and cane after a fall and sometimes still used the cane for walking and had a brace for his knee (Tr. 494-96). The claimant had suffered problems with his back his entire life and continued to suffer from an "immense amount of pain" in the lower part of his back (Tr.

497-98). He took ten to twelve Tylenol per day for pain because he could not afford to see a doctor or get any prescriptions (Tr. 498). The claimant's legs had started cramping with too much walking, and his right knee had a "bad burning" feeling in the middle of the kneecap and popped and cracked a lot (Tr. 499-501). He injured the knee wrestling in high school, but it continued to be painful and sometimes swelled (Tr. 501). The claimant also experienced pain in his left knee in the same place, but the left knee was not as bad as his right (Tr. 502-03). He began going to the mental health center after he tried to kill himself, but he no longer went there or took medication because nothing they gave him helped his depression (Tr. 504). The claimant still suffered from depression, experienced crying spells everyday, and had lost weight in the past year (Tr. 505-06). He had problems sleeping at night and could no longer perform his hobbies of fishing and collecting Indian artifacts (Tr. 507). The claimant could sit for no more than 30 minutes to watch television, stand for 45 minutes, walk less than 100 yards, and lift a skillet that weighed two to three pounds (Tr. 507-11). He lied down in his recliner for approximately three to four hours per day and could no longer mow his yard (Tr. 510).

In his written decision, the ALJ summarized some of the claimant's testimony and specifically mentioned: (i) that the claimant's reports of some gardening activity was "not suggestive of pain so limiting a person would be unable to engage in any type of substantial gainful activity"; (ii) that the claimant had a careless attitude toward treatment as evidenced by his refusal to try other medications other than Valium; and, (iii) that the claimant had not complained of knee pain or back pain to his treating physician Dr. Thomas Jones, D.O., when

he saw him on three occasions in 2001.  The ALJ listed the factors to consider when evaluating credibility and then concluded that for the above reasons, the claimant's allegations regarding his limitations were not "totally credible."  (Tr. 299B, 299E).

Deference must be given to an ALJ's credibility determination unless the ALJ misread the medical evidence taken as a whole.  *Casias,* 933 F.2d at 801.  An ALJ may disregard a claimant's subjective complaints of pain if unsupported by any clinical findings.  *Frey v. Bowen,* 816 F.2d 508, 512 (10th Cir. 1987).  But credibility findings should be closely and affirmatively linked to the evidence and not just a conclusion in the guise of findings.  *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).  The analysis "must contain 'specific reasons' for a credibility finding; the ALJ may not simply 'recite the factors that are described in the regulations.'" *Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186, at *4.

The ALJ's analysis of the claimant's credibility in this case fell below the foregoing standards.  For example, the ALJ specifically mentioned the claimant's activity of gardening, but this does not in and of itself undermine the claimant's credibility as to disabling pain.  *See, e. g., Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) ("[T]he ALJ may not rely on minimal daily activities as substantial evidence that a claimant does not suffer disabling pain.  The 'sporadic performance [of household tasks or work] does not establish that a person is capable of engaging in substantial gainful activity.'"), *quoting Frey*, 816 F.2d at 516-17.  Further, the ALJ noted that the claimant was not taking prescription medication, that he had refused to try any medication for his depression other than Valium and that he

was "careless with his treatment." But he did not discuss the four-part test applicable to any failure to pursue treatment: (i) whether treatment would have restored the claimant's ability to work; (ii) whether treatment was prescribed; (iii) whether treatment was refused; and, (iv) whether the excuse was justified. *Frey*, 816 F.2d at 517. *See also Teter v. Heckler*, 775 F.2d 1104, 1107 (10th Cir. 1985). And although the claimant testified that he was not taking prescription medication or seeing a doctor because he could not afford it (Tr. 498), the ALJ wholly failed to consider whether the claimant's inability to pay justified his failure to pursue treatment. *See, e.g., Thompson*, 987 F.2d at 1489-90 (inability to pay for recommended treatment may justify the failure to follow the treatment). *See also Thomas v. Barnhart*, 147 Fed. Appx. 755, 760 (10th Cir. 2005) ("[T]he medicine or treatment an indigent person cannot afford is no more a cure for his condition than if it had never been discovered . . . To a poor person, a medicine that he cannot afford to buy does not exist.") [unpublished opinion], *quoting Lovelace v. Bowen*, 813 F.2d 55, 59 (5th Cir. 1987).

The ALJ also cited in support of his credibility determination medical records from 2001, which did not indicate that the claimant had reported any back or knee pain to his treating physician Dr. Jones. But more current medical records show that the claimant indicated at his mental status examination in February 2004 that his chief complaints were his back and knees (Tr. 215), and he again complained of pain in his back and knees at his physical examination in February 2004. Further, although the ALJ discussed portions of the claimant's February 2004 examination by consulting physician Dr. Terry Kilgore, M.D., *e.g.*,

-7-

that the claimant used a walker and brace for his knee, he made no mention of what would seem to be Dr. Kilgore's more significant findings that the claimant had mild to moderate crepitus in his knees, positive straight leg raising, tenderness and spasms in the lumbosacral area, decreased range of motion in the back, hips, and knees, and weak heel and toe walking (Tr. 218-24). All of these findings tended to support some of the claimant's subjective complaints. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("[The] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper."). *See also Clifton v. Chater,* 79 F.3d 1007, 1009-10 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984).

Because the ALJ failed to discuss probative evidence relevant to his credibility determination in accordance with *Kepler* and *Hardman*, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further analysis of the claimant's credibility so the Court can assess "whether relevant evidence adequately supports the ALJ's conclusion." *Clifton*, 79 F.3d at 1009. On remand, the ALJ should: (i) complete the analysis under *Frey* with regard to the claimant's pursuit of treatment; (ii) determine whether the claimant's subjective complaints result in further functional limitations, and if so, include

those limitations in the claimant's RFC; and, (iii) redetermine what work, if any, the claimant can perform and whether he is disabled.

## Conclusion

As set forth above, the Court finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby REVERSED and the case REMANDED for further proceedings consistent with this Opinion and Order.

**DATED** this 13th day of September, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**